```
 1  HOWARD A. SLAVITT (State Bar # 172840)
    RACHEL G. COHEN (State Bar #218929)
 2  COBLENTZ, PATCH, DUFFY & BASS, LLP
    One Ferry Building, Suite 200
 3  San Francisco, California 94111-4213
    Telephone: (415) 391-4800
 4  Facsimile:  (415) 989-1663
    E-mail: hslavitt@cpdb.com
 5          rcohen@coblentzlaw.com

 6  Attorneys for Plaintiff
    HAMBRECHT WINE GROUP, L.P. d/b/a
 7  BELVEDERE WINERY, L.P.,
```





## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA



C 05 4625 JW HRL

| | |
|---|---|
| HAMBRECHT WINE GROUP, L.P. d/b/a BELVEDERE WINERY, L.P., | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MILLENNIUM IMPORT LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Hambrecht Wine Group LP, d/b/a Belvedere Winery ("Belvedere Winery") complains against Defendant Millennium Import LLC ("Millennium") as follows:

### NATURE OF ACTION

1. Belvedere Winery is the owner of the trademark BELVEDERE for use with wine, vodka, and other alcoholic beverages. Belvedere Winery entered into trademark license and marketing rights agreements with Millennium. Millennium violated the terms of its agreements by denying licensor Belvedere Winery's rights as owner of the registered BELVEDERE trademark and by threatening suit against Belvedere Winery and potential licensees for exercising those rights. Millennium's false statements, threats, and other unlawful acts are causing serious and irreparable harm to Belvedere Winery. Belvedere Winery seeks injunctive relief, declaratory judgments, and damages

12309-001-0002.e

1
**COMPLAINT**

for, *inter alia*, breach of contract and trademark infringement by Millennium in violation of the laws of the United States and the State of California.

## THE PARTIES

2. The plaintiff, Hambrecht Wine Group, LP, d/b/a Belvedere Winery, is a California limited partnership having its usual place of business at 4035 Westside Road, Healdsburg, California 95448. At the time that the agreements at issue were executed, Hambrecht Wine Group, LP was known as Belvedere Winery, LP. Hambrecht Wine Group LP is the same legal entity as Belvedere Winery; there has simply been a name change.

3. The defendant, Millennium Import LLC, is a Minnesota corporation having its corporate headquarters at 25 Main Street SE, Minneapolis, Minnesota 55414.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332 because this suit involves a federal question (namely, violations of the Lanham Act). Furthermore, this suit is between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000), not including interest and costs.

5. This Court has jurisdiction over the state law and common law claims under the doctrine of pendant jurisdiction. The state and common law claims arise from or are substantially related to the same acts giving rise to the federal claims. Millennium does business in California and uses the infringing trademark on goods sold in California.

6. This Court has personal jurisdiction over defendant Millennium Import LLC under Cal. Civ. Proc. § 410.10.

7. Venue in this Court is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND
### Belvedere Winery's Family of BELVEDERE Marks for Use in Connection With Wines, Vodka, and Other Alcoholic Beverages

8. Belvedere Winery is a winery founded by William Hambrecht and partners in 1982.

9. Belvedere Winery has used the mark BELVEDERE, or formatives thereof (*e.g.*, "BELVEDERE WINERY"), in connection with its winery activities since at least as early as 1983.

10. Belvedere Winery has licensed the BELVEDERE mark for use in interstate commerce in connection with vodka since 1996.

11. On October 31, 1989, Belvedere Winery obtained federal registration of the BELVEDERE trademark for use in connection with wine (Registration No. 1563665). The registration claims use of the mark BELVEDERE in connection with wine since at least as early as 1988. Pursuant to 15 U.S.C. § 1057(b), Belvedere Winery's registration certificate is *prima facie* evidence of the validity of said registration, of Belvedere Winery's ownership of the mark identified in the registration, and of Belvedere Winery's exclusive right to use the mark in commerce in connection with the goods and services identified in the registration. This registration is incontestable within the meaning of 15 U.S.C. § 1065.

12. On January 7, 2003, Belvedere Winery obtained federal registration of the BELVEDERE trademark for use in connection with vodka (Registration No. 2670702). The registration claims use of the mark BELVEDERE in connection with vodka since at least as early as 1996. Pursuant to 15 U.S.C. § 1057(b), Belvedere Winery's registration certificate is *prima facie* evidence of the validity of said registration, of Belvedere Winery's ownership of the mark identified in the registration, and of Belvedere Winery's exclusive right to use the mark in commerce in connection with the goods and services identified in the registration.

13. On January 29, 2004, Belvedere Winery filed an application for federal registration of the BELVEDERE trademark for use in connection with distilled spirits (Serial No. 78359607). The application was published for opposition on September 27, 2005, and was not opposed.

14. Belvedere Winery has spent substantial sums of money developing its reputation for excellence and promoting the BELVEDERE name.

15. As a result of the extensive use, licensing, sponsorship, and promotion of the BELVEDERE mark by Belvedere Winery and its licensees, consumers and the general public have come to associate the mark with a single source of origin for wines and spirits.

16. As a result of the inherent distinctiveness of Belvedere Winery's BELVEDERE mark and the extensive use, licensing, sponsorship, and promotion of the BELVEDERE mark by Belvedere Winery and its licensees, the BELVEDERE mark has become well known and famous as an indication

of a single source of origin of wines and spirits. Indeed, the BELVEDERE mark is distinctive and represents substantial goodwill.

17. All goodwill stemming from use of the BELVEDERE mark, including use of the mark by Millennium and Polmos (Belvedere Winery's former licensees) in connection with vodka, inures to the benefit of the owner of the mark, namely, Belvedere Winery.

### The Prior Dealings of the Parties

18. In or about 1996, a Polish company called Zyrardowskie Zaklady Przemystu Spitytusowego Polmos ("Polmos"), with Millennium's help, began importing and selling vodka in the United States under the trademark BELVEDERE.

19. Belvedere Winery promptly filed a lawsuit against Polmos and Millennium in the United States District Court for the Northern District of California to enforce its rights in the BELVEDERE mark.

20. In or around October 1996, Belvedere Winery settled its action against Millennium and Polmos by entering into a Trademark License Agreement ("TLA") with Polmos (**Exhibit A**) and a Marketing Rights Agreement ("MRA") with Millennium Import Company (**Exhibit B**). The MRA parallels the TLA and, indeed, incorporates its terms by reference.

21. On information and belief, Polmos assigned the TLA to Millennium Import LLC sometime in the late 1990s. By letter dated December 22, 2004, Millennium confirmed that Polmos had previously assigned the TLA to Millennium. In the same letter, Millennium specified that the MRA had been assigned to it by the original party to the MRA, Millennium Import Company.

### The Agreements

22. Section 1.1 of the Trademark License Agreement ("TLA") granted Polmos (and now Millennium) a non-exclusive license to use the BELVEDERE trademark in the USA "upon and in connection with the manufacture, packaging, labeling, export, import, distribution, advertising, marketing, and sale of premium Polish vodka."

23. In Section 3 of the TLA, Polmos (now Millennium) acknowledged Belvedere Winery's ownership of the mark and pledged that it would not contest the validity of the BELVEDERE mark or Belvedere Winery's right, title, and interest in the mark.

24. In Section 5.1 of the TLA, Polmos agreed that Belvedere Winery's could terminate the agreement if Polmos (now Millennium) failed to perform any covenant or condition of the Agreement.

25. In Section 5.3 of the TLA, Polmos further agreed that, upon termination, it would immediately discontinue use of the BELVEDERE mark in the USA, including use of the mark on or in connection with all goods imported into, distributed, and sold in the USA.

26. The Marketing Rights Agreement ("MRA") essentially repeats verbatim the key terms of the TLA but extends those terms to Millennium. In Section 2 of the MRA, Millennium acknowledged Belvedere Winery's "right to use and license others to use the [BELVEDERE] TRADEMARK" for products other than vodka.

27. In Section 5.1 of the MRA, Millennium acknowledged Belvedere Winery's ownership of the BELVEDERE mark and pledged that it would not contest the validity of the BELVEDERE mark or Belvedere Winery's right, title, and interest to the mark.

28. In Section 8.2.1 of the MRA, Millennium affirmed Belvedere Winery's right to terminate the Agreement and revoke the license if Millennium fails to perform any covenant or condition of the Agreement.

29. In Section 8.4 of the MRA, Millennium further agreed that, upon termination, it would immediately discontinue use of the BELVEDERE mark in the USA, including use of the mark on or in connection with all goods imported into, distributed, and sold in the USA.

**Millennium Unlawfully Challenged Belvedere Winery's Rights to the
BELVEDERE Mark and Thus Materially Breached the Trademark
Licensing Agreement and Marketing Rights Agreement**

30. In or around early 2004, Belvedere Winery became interested in licensing the BELVEDERE mark for gin, and entered into negotiations with various distilleries to select a licensee.

31. As a courtesy, in March 2004, Belvedere Winery notified Millennium of its interest in licensing the BELVEDERE mark for gin.

32. In clear contradiction of the terms of the TLA and the MRA, however, Millennium asserted that Belvedere Winery did not have the right to license the BELVEDERE mark for use on or with gin.

33. Millennium made many false and threatening statements in its correspondence with Belvedere Winery regarding the proposed gin license, including but not limited to:

(a) In a letter dated April 7, 2004, Millennium claimed that California law did not permit Belvedere Winery to license the BELVEDERE mark for use in connection with gin. (**Exhibit C**).

(b) In the same letter, Millennium claimed that a gin license would violate Millennium's alleged rights to the BELVEDERE mark in the form of "passing off." *Id.*

(c) Millennium claimed that consumers would be confused if a third party licensed the BELVEDERE mark for use in connection with distilled spirits and would believe that the distilled spirits emanated from Millennium. *Id.*

(d) In a letter dated September 20, 2005, Millennium claimed that the BELVEDERE mark's value was derived entirely from goodwill created by Millennium, and had no independent value for use in connection with distilled spirits other than vodka. (**Exhibit D**).

34. Millennium went so far as to threaten litigation against Belvedere Winery and any company that entered into a license to use the BELVEDERE mark on or with gin.

35. Millennium's assertion that Belvedere Winery did not have the right to license the BELVEDERE mark for use on or with gin constitutes a material breach of Section 3 of the TLA and Section 5.1 of the MRA.

36. On its website, in violation of Section 3 of the TLA and Section 5.1 of the MRA, Millennium also asserts ownership of the BELVEDERE mark. Indeed, Millennium claims that "all content and materials available on this Site, including but not limited to trademarks . . . are the property of Millennium Import LLC and Millennium Brands Limited . . . unless otherwise noted" (emphasis added). Millennium does not inform visitors to its website that the BELVEDERE mark is the property of Belvedere Winery.

### Millennium's Breach Injured Belvedere Winery

37. As noted above, Millennium claims, falsely, that it, rather than Belvedere Winery (the owner of the mark), owns the goodwill in the BELVEDERE mark, and thus threatened to sue any third

party that takes a license under the mark and will sue Belvedere Winery itself. In particular, Millennium made the following threats:

      (a)    In its letter of April 7, 2004 (**Exhibit C**), Millennium insisted that it would enforce its alleged right to sue a third party infringer of the BELVEDERE mark, and insisted that "any potential licensee would seem foolish to proceed in light of that risk."

      (b)    In its letter of September 20, 2005 (**Exhibit D**), Millennium threatened to "create multi-million dollar exposure for Belvedere Winery and for any third parties" who seek to license the BELVEDERE mark for use in connection with distilled spirits.

      (c)    Millennium also threatened to "pursue every legal measure available" if the trademark license and marketing rights agreements were terminated.

38.    On information and belief, Millennium's threats and false statements indicate its intent to assert ownership of the BELVEDERE mark and expand into markets for distilled spirits other than vodka. Indeed, Millennium offered to purchase the BELVEDERE mark from Belvedere Winery in June 2004. Thus, Millennium's threats and false statements may actually be part of a scheme to purchase or wrest ownership of the mark from Belvedere Winery on inequitable terms.

39.    Millennium's false statements about its rights to the BELVEDERE mark and its threats of litigation have frustrated Belvedere Winery's negotiations with distilleries interested in producing gin under the BELVEDERE mark. Potential licensees who expressed interest in licensing the BELVEDERE mark have, since learning of Millennium's threats and false statements, refused to enter into licensing agreements with Belvedere Winery. Plaintiff is informed and believes and thereon alleges that Millenium's false threats and false statements caused potential licensees to refuse to enter into licensing agreements to produce gin under the BELVEDERE mark.

**Belvedere Winery Validly Terminated the Trademark
Licensing Agreement and Marketing Rights Agreement**

40.    Due to Millennium's breach of the TLA and the MRA, Belvedere Winery had the right to terminate both Agreements. Belvedere Winery notified Millennium of its intent to terminate the Agreements in a letter dated July 12, 2005 (**Exhibit E**). Millennium has not cured its breach and,

indeed, in subsequent communications has reiterated its threats and refusal to acknowledge Belvedere Winery's rights, thus waiving the cure period under the Agreements.

41. Despite Belvedere Winery's valid termination of the TLA and MRA, Millennium has continued to use the BELVEDERE mark in violation of Belvedere Winery's trademark rights. Millennium's infringement includes, without limitation, the following acts: (1) selling vodka with the BELVEDERE mark; (2) distributing promotional materials with the BELVEDERE mark; and (3) using the internet domain name *belvederevodka.com*, which is confusingly similar to the BELVEDERE mark.

42. Millennium's use of the BELVEDERE mark after termination of the Agreements is likely to cause confusion, mistake, and deception as to affiliation, connection, or association of Millennium with Belvedere Winery, and as to the origin, sponsorship, or approval of Millennium's goods, services, or commercial activities by Belvedere Winery.

## FIRST CAUSE OF ACTION
### (Declaration of Belvedere Winery's Right to Use and License the BELVEDERE Mark for Distilled Spirits)

43. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

44. There is an actual case and controversy between Belvedere Winery and Millennium that may be resolved by declaratory judgment pursuant to 28 U.S.C. § 2201.

45. Belvedere Winery seeks a declaration from this Court affirming Belvedere Winery's right to use and license the BELVEDERE mark for alcoholic beverages in addition to vodka, including gin and other distilled spirits.

## SECOND CAUSE OF ACTION
### (Trademark Infringement by Millennium of the BELVEDERE Mark In Violation of 15 U.S.C. § 1114(1) (Lanham Act § 32(1)))

46. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

47. Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

48. Millennium's continued post-termination use of the BELVEDERE mark is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to Millennium's

affiliation, connection, or association with Belvedere Winery and as to the source, origin, sponsorship, or approval of Millennium's and Belvedere Winery's services.

49. The above-described activities by Millennium constitute trademark infringement in violation of § 32(1) of the Lanham Act, codified at 15 U.S.C. § 1114(1).

50. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery, for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

51. Millennium's conduct as described above has been willful, wanton, reckless, and in total disregard of the rights of Belvedere Winery.

52. By reason of the foregoing, Millennium has damaged Belvedere Winery.

### THIRD CAUSE OF ACTION
**(Trademark Infringement by Millennium of the BELVEDERE Mark In Violation of 15 U.S.C. § 1125(a) (Lanham Act § 43(a)))**

53. Belvedere Winery repeats the preceding paragraphs if fully set forth herein.

54. Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

55. Millennium's continued post-termination use of the BELVEDERE mark is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to Millennium's affiliation, connection, or association with Belvedere Winery and as to the source, origin, sponsorship, or approval of Millennium's and Belvedere Winery's services.

56. The above-described actions of Millennium constitute trademark infringement in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

57. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery, for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

58. Millennium's conduct as described above has been willful, wanton, reckless, and in total disregard of the rights of Belvedere Winery.

59. By reason of the foregoing, Belvedere Winery has been damaged.

## FOURTH CAUSE OF ACTION
### (Trademark Infringement by Millennium of the BELVEDERE Mark Pursuant to California Business and Professions Code § 14335)

60. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

61. Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

62. Millennium's continued post-termination use of the BELVEDERE mark is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to Millennium's affiliation, connection, or association with Belvedere Winery and as to the source, origin, sponsorship, or approval of Millennium's and Belvedere Winery's services.

63. The above-described actions of Millennium constitute trademark infringement in violation of Cal. Bus. &. Prof. C. § 14335.

64. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery, for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

## FIFTH CAUSE OF ACTION
### (Trademark and Trade Name Infringement in Violation of California Common Law)

65. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

66. Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

67. Millennium does business in California and uses the BELVEDERE trademark in connection with goods sold in California

68. Millennium's continued post-termination use of the BELVEDERE mark is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to Millennium's affiliation, connection, or association with Belvedere Winery and as to the source, origin, sponsorship, or approval of Millennium's and Belvedere Winery's services.

69. The above-described actions of Millennium constitute trademark infringement in violation of California common law.

70. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery, for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

71. Millennium's conduct as described above has been willful, wanton, reckless, and in total disregard of the rights of Belvedere Winery.

72. By reason of the foregoing, Belvedere Winery has been damaged.

## SIXTH CAUSE OF ACTION
### (Dilution by Millennium of the BELVEDERE Mark In Violation of 15 U.S.C. § 1125(c) (Lanham Act § 43(c)))

73. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

74. The BELVEDERE mark has become well known and famous as an indication of a single source of origin of wines and spirits.

75. Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

76. The above-described activities of Millennium constitute dilution in violation of the Federal Trademark Dilution Act, codified at 15 U.S.C. § 1125(c).

77. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

78. Millennium's conduct as described above has been willful, wanton, reckless, and in total disregard of the rights of Belvedere Winery.

79. By reason of the foregoing, Belvedere Winery has been damaged.

///
///
///

## SEVENTH CAUSE OF ACTION
**(Dilution and Injury to Business Reputation by Millennium of the BELVEDERE Mark in Violation of California Business and Professions Code § 14330)**

80. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

81. The BELVEDERE mark has become well known and famous as an indication of a single source of origin of wines and spirits.

82. Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

83. The above-described activities of Millennium constitute dilution and injury to Belvedere Winery's business reputation in violation of Cal. Bus. &. Prof. C. § 14330.

84. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

## EIGHTH CAUSE OF ACTION
**(Unfair Competition by Millennium in Violation of 15 U.S.C. § 1125(a) Lanham Act § 43(a))**

85. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

86. The above-described actions of Millennium constitute unfair competition in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

87. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

88. Millennium's conduct as described above has been willful, wanton, reckless, and in total disregard of the rights of Belvedere Winery.

89. By reason of the foregoing, Belvedere Winery has been damaged.

///
///
///

## NINTH CAUSE OF ACTION
### (Unfair Competition by Millennium Pursuant to California Business and Professions Code § 17200 et seq.)

90. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

91. The above-described actions of Millennium constitute unfair competition in violation of Cal. Bus. &. Prof. C. § 17200 et seq.

92. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

93. Due to its conduct, Millenium has obtained profits to which it is not entitled. The profits were for property in which plaintiff has a vested interest, and accordingly plaintiff should receive restitution.

## TENTH CAUSE OF ACTION
### (Importation of Infringing Goods in Violation of 15 U.S.C. § 1124 (Lanham Act § 42) and 19 U.S.C. § 1526 (Tariff Act § 526))

94. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

95. Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

96. Millennium has continued to import goods from Poland bearing the BELVEDERE mark in violation of 15 U.S.C. § 1124 and 19 U.S.C. § 1526.

97. Millennium's continued post-termination importation of goods bearing the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

98. Millennium's conduct as described above has been willful, wanton, reckless, and in total disregard of the rights of Belvedere Winery.

99. By reason of the foregoing, Belvedere Winery has been damaged.

///

### ELEVENTH CAUSE OF ACTION
(Trademark Cyberpiracy by Millennium in Violation of
Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)))

100.   Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

101.   The BELVEDERE mark was distinctive and famous before the date that the *belvederevodka.com* domain name was registered or licensed to Millennium.

102.   Belvedere Winery terminated Millennium's license to use the BELVEDERE mark. Millennium thus has no right to use the mark. Millennium, however, has continued to use the mark after termination, even though it agreed that it would immediately discontinue use after termination.

103.   Upon information and belief, Millennium continues to use the *belvederevodka.com* domain name with a bad faith intent to profit from the BELVEDERE mark after termination of the license.

104.   The above-described actions of Millennium constitute trademark cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, codified as 15 U.S.C. § 1125(d).

105.   Millennium's continued post-termination use of the *belvederevodka.com* domain name has caused and is causing irreparable injury to Belvedere Winery, for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

106.   By reason of the foregoing, Belvedere Winery has been damaged.

### TWELFTH CAUSE OF ACTION
(Breach of Contract by Millennium, Including Breach
of Covenant of Good Faith and Fair Dealing)

107.   Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

108.   Belvedere Winery had valid contracts with Millennium for use of the BELVEDERE mark on or with vodka.

109.   Belvedere Winery performed all of its contractual obligations to Millennium.

110.   Millennium breached both of its contracts with Belvedere Winery by (a) contesting and refusing to acknowledge Belvedere Winery's rights in the BELVEDERE mark, in violation of Section 3 of the TLA and Section 5.1 of the MRA; (b) claiming ownership of the goodwill attributable to the

BELVEDERE mark and, by extension, the mark itself; and (c) continuing to use the BELVEDERE mark after termination of the contracts in violation of Section 5.3 of the TLA and 8.4 of the MLA. Millenium's threats and false statements constitute breaches of the explicit terms of the contracts and the covenant of good faith and fair dealing implicit in its contracts with Belvedere Winery.

111. Millennium failed to cure its breach of the contracts. Millennium continues to refuse to acknowledge Belvedere Winery's trademark rights, including Belvedere Winery's right to use or license the mark in connection with gin and other distilled spirits. Indeed, Millennium continues to threaten suit against any other licensees under the mark.

112. Millennium's breach of the contracts and post-termination use of the BELVEDERE mark has caused and is causing significant financial injury to Belvedere Winery and is in total disregard of the rights of Belvedere Winery. By reason of the foregoing, Belvedere Winery has been damaged.

### THIRTEENTH CAUSE OF ACTION
### (Unfair Competition in Violation of California Common Law)

113. Belvedere Winery repeats the preceding paragraphs as if fully set forth herein.

114. Millennium does business in California and uses the BELVEDERE trademark in connection with goods sold in California

115. The above-described actions of Millennium constitute unfair competition in violation of California common law.

116. Millennium's continued post-termination use of the BELVEDERE mark has caused and is causing irreparable injury to Belvedere Winery for which Belvedere Winery has no adequate remedy at law, and Millennium will continue its unauthorized use unless enjoined by this Court.

117. Millennium's conduct as described above has been willful, wanton, reckless, and in total disregard of the rights of Belvedere Winery.

118. By reason of the foregoing, Belvedere Winery has been damaged.

///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Belvedere Winery respectfully requests that this Court:

1. Enter judgment against Millennium on all counts of the Complaint;

2. Declare that Belvedere Winery has the right to use and license the BELVEDERE mark for alcoholic beverages in addition to Vodka, including gin and other spirits.

3. Order that Millennium, its receivers, officers, agents, employees, servants, attorneys, successors and assigns, and all those in privity and acting in concert therewith, be preliminarily and permanently enjoined from:

   (a) Using the mark BELVEDERE or any other confusingly similar mark, alone or in combination with other words or with graphic symbols or logotypes, in connection with the provision, sale, offer for sale and advertising of any good or services in the United States;

   (b) Using in any manner any trademark, trade name, words, abbreviations or any combinations thereof which would imitate, resemble, or suggest Belvedere Winery's BELVEDERE mark; and

4. Order Millennium to report to the Court and to Belvedere Winery the steps it has taken to comply with such injunction within thirty (30) days of the issuance thereof.

5. Order that all merchandise bearing the BELVEDERE mark imported into the United States by Millennium be seized by customs officials.

6. Order that Millennium, its receivers, officers, agents, employees, servants, attorneys, successors, and assigns, and all those in privity and acting in concert therewith, relinquish the *belvederevodka.com* domain name or transfer it to Belvedere Winery.

7. Award Belvedere Winery damages in an amount to be determined at trial;

8. Award Belvedere Winery monetary relief, including but not limited to restitution of amounts wrongfully received by Millennium, and/or payment of Belvedere Winery's lost revenues, in amounts to be determined at trial;

9. Award Belvedere Winery enhanced damages as permitted by law;

10. Award Belvedere Winery its reasonable attorneys' fees and the costs of this action; and

///

11. Grant such other relief as the Court deems just and proper.

Dated: November 10, 2005

COBLENTZ, PATCH, DUFFY & BASS, LLP

_____
HOWARD A. SLAVITT
Attorneys for Plaintiff
HAMBRECHT WINE GROUP, L.P. d/b/a
BELVEDERE WINERY, L.P.

*Of Counsel:*
Kerry L. Timbers (BBO# 552293)
Erik Paul Belt (BBO# 558620)
Peter J. Karol (BBO# 660338)
Rebecca L. Hanovice (BBO# 660366)
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
Fax: (617) 443-0004

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 3-6, plaintiff hereby demands a trial by jury in the above-captioned case. Plaintiff reserves its right to have a trial by jury for all the issues so triable.

DATED: November 10, 2005

COBLENTZ, PATCH, DUFFY & BASS, LLP

By_____
HOWARD A. SLAVITT

12309-001-0002.e

17

COMPLAINT