*E-filed 7/19/06*

Appearing *Pro Hac Vice:*
KERRY L. TIMBERS
ERIK PAUL BELT
PETER J. KAROL
REBECCA L. HANOVICE
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
Fax: (617) 443-0004
E-mail: ebelt@bromsun.com

Attorneys for Plaintiff and Counter-Defendant,
HAMBRECHT WINE GROUP, L.P. d/b/a
BELVEDERE WINERY, L.P.,

James H. Berry, Jr. (State Bar No. 075834)
Kevin R. Lussier (State Bar No. 143821)
BERRY & PERKINS
A Professional Corporation
2049 Century Park East, Suite 950
Los Angeles, California  90067-3134
Telephone:  (310) 557-8989
Facsimile:   (310) 788-0080
E-Mail:  jberry@berryperkins.com
E-Mail:  klussier@berryperkins.com

Attorneys for Defendant and Counterclaimant,
MILLENNIUM IMPORT LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HAMBRECHT WINE GROUP, L.P. d/b/a BELVEDERE WINERY, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIUM IMPORT LLC,<br>Defendant. | Case No.  C 05-4625 JW HRL<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**AS AMENDED BY THE COURT** |

IT IS STIPULATED AND AGREED by and between the parties to this action, through their respective undersigned counsel, as follows:

1.   This Stipulated Protective Order ("Protective Order" or "Order") shall apply to all information, documents and things filed, served, or produced either by a party or a non-party in response to or in connection with any discovery conducted in this action, including without limitation testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and things produced (including documents and things produced to the receiving party for inspection and documents and things provided to the receiving party, whether in the form of originals or copies), information obtained from inspection of premises or things, and answers to requests for admission as well as any and all copies, abstracts, digests, notes and summaries of such information.  All such information, documents and things shall be referred to as "Information" for purposes of this Protective Order.

2.   Any party producing Information in this action (whether through oral testimony, interrogatory answers, production of documents and things, answers to requests for admission or otherwise) that the party reasonably and in good faith believes to be a trade secret or other confidential research, development or commercial information entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure may designate such information to be "CONFIDENTIAL" as specified below.  Information may be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the party reasonably and in good faith believes that such Information:  1) meets the criteria for designation as "CONFIDENTIAL" set forth above and 2) involves or contains information that is so sensitive, valuable or secret that disclosing or displaying it to employees, officers and/or in-house counsel of opposing parties and/or third parties would create a substantial risk of harm to the party disclosing or producing such information.  The parties agree to use the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" sparingly.  Information designated

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
2  ONLY" and marked as specified below will thereafter be subject to the provisions
3  of this Protective Order.
4      3.    Information shall not be designated as "CONFIDENTIAL" or
5  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" if:
6          a.    it is, or becomes, public knowledge, as shown by publicly
7  available writings, other than through violation of the terms of this Protective
8  Order;
9          b.    it is acquired from a non-party in lawful possession of such
10 Information and under no obligation to the owner of the Information to keep it
11 confidential, unless the non-party producing the Information invokes the
12 protections of this Protective Order as set forth in paragraph 17 below.
13     4.    Information to be protected by this Protective order shall be marked as
14 follows:
15         a.    In the case of documents and the information contained in those
16 documents, each page of the document shall be stamped or otherwise clearly
17 marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'
18 EYES ONLY".  In the event that documents are produced for inspection, such
19 documents may be produced for inspection before being marked
20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
21 ONLY".  There will be no waiver of confidentiality by the inspection or
22 production of documents before they are marked as "CONFIDENTIAL" or
23 "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".
24         b.    Any Information that is disclosed through any other means of
25 production (e.g., production of tangible things) shall be labeled or otherwise
26 clearly marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
27 ATTORNEYS' EYES ONLY" on each thing produced.
28

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1        c.    In the case of interrogatory answers and responses to requests for admissions, each answer or response, or part of an answer or response, that contains confidential information shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", and the following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing confidential information: "CONTAINS CONFIDENTIAL INFORMATION."

      d.    All testimony given at a deposition and each transcript of a deposition shall be presumptively treated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" for a period of twenty (20) days from receipt of the transcript by counsel of record for each party. Within that period of time, counsel for any party to this action and/or counsel for the deponent may designate certain, if any, pages of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by notifying all counsel of record in writing of the designation, and thereafter such pages shall be treated as such. Counsel for each party shall be responsible for marking the designated exhibits and pages of copies of the transcript in their possession as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". Testimony given at a deposition may also be so designated by an appropriate statement at the time of the giving of the testimony. If no designation is made by counsel within twenty (20) days after receipt of the transcript by counsel of record, the transcript shall be considered not to contain confidential information. Use at deposition of a document previously designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall have no effect on its designation.

      e.    A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after

- 4 -

**STIPULATED PROTECTIVE ORDER - C 05-4625 JW HRL**
AS AMENDED BY THE COURT

the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the producing party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains information designated for protection under this Protective Order. If only a portion or portions of the material on a page qualifies for protection, the producing party must also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection begin asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

    5.    In the event that the producing party inadvertently fails to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any Information that is produced or disclosed and that the producing party reasonably and in good faith believes should be so designated, the producing party may subsequently make such a designation by notifying opposing counsel in writing as soon as practicable. After receipt of such notification, the party to whom disclosure has been made will treat the Information as CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

    6.    Information designated as CONFIDENTIAL or any information derived therefrom may be disclosed only to:

    a.    outside counsel of record to this action and necessary clerical and legal support personnel employed by such counsel;

b.  subject to paragraph 10 below, independent experts or independent consultants retained by counsel of record for purposes of this action, who are not a past or current employee of a party, or of a competitor of a party and who at the time of retention, are not anticipated to become an employee of a party or a competitor of a party;

c.  subject to paragraph 10 below, in-house legal counsel of a party and necessary clerical and legal support personnel employed by such counsel;

d.  subject to paragraph 10 below, those persons who are either a party, employee, or officer of a party who reasonably need to review such Information for the purposes of this litigation;

e.  the Court and its employees;

f.  court reporters taking or transcribing testimony given at a deposition;

g.  persons who are identified on the face of a writing containing such information as the authors or recipients of the Information;

h.  any other persons that the Court designates, in the interests of justice, upon such terms that the Court deems proper.

7.  Information designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or any information derived therefrom, may be disclosed only to those persons listed in subparagraphs 6(a), 6(b), 6(e), 6(f), 6(g) or 6(h), and may not be disclosed to the employees, officers, in-house counsel or representatives of the parties hereto.

8.  Under no circumstance may Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" be disclosed to any person or entity other than those identified above without the prior written consent of the producing party.  Any matters designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

BERRY & PERKINS
A PROFESSIONAL CORPORATION

ONLY" may be disclosed to a third party at deposition only if the other side has had an opportunity to review the Information sought to be disclosed and has not interposed an objection. If the other side interposes an objection to disclosure of matters designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", then the matters shall not be disclosed until the parties have resolved the issue themselves or upon entry of a relevant court order. Any matters designated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" which are disclosed to a third party deponent at his/her deposition shall not be retained by the deponent. In the event that Information designated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" is disclosed at a deposition, the disclosing party shall have the right to exclude from attendance at said deposition any person other than the deponent and those persons identified in paragraph 6 above as qualified to receive the CONFIDENTIAL or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information.

9. In the event that a party receiving Information that the producing party has designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" disagrees with the propriety of that designation, the parties will first try, in good faith, to resolve such dispute on an informal basis. If the parties are unable to resolve their dispute informally, either party may present the dispute to the Court for judicial resolution, and the Court may then determine whether the Information should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY". ~~In the resolution of any such dispute, the moving party shall have the obligation of showing a good-faith basis for contending that the Information is not confidential.~~ The party seeking protection ~~party~~ shall have the burden of establishing that the Information is confidential. All Information whose designation as "CONFIDENTIAL" or "HIGHLY

1  CONFIDENTIAL-ATTORNEYS' EYES ONLY" is disputed shall be treated
2  according to its designation until such time as the Court determines or the parties
3  agree otherwise.

4        10.  Information designated as "CONFIDENTIAL" may not be disclosed to
5  any person referenced in subparagraphs 6(b), 6(c), 6(d), 6(f), and 6(h) and/or and
6  Information designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
7  ONLY" may not be disclosed to any person referenced in subparagraph 6(b), 6(f),
8  and 6(h) above unless and until such person first executes a declaration in the form
9  annexed to this Protective Order as Exhibit A and agrees to be bound by the
10 provisions of this Order.  Counsel for the receiving party shall provide to counsel
11 for the producing party copies of all such executed declarations promptly after
12 such declarations have been executed and prior to the disclosure of the Information
13 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
14 ATTORNEYS' EYES ONLY", except that declarations signed by persons
15 referenced in sub-paragraph 6(b) above shall be held by counsel for the disclosing
16 party and disclosed at such time (if any) as the person is identified or disclosed as
17 an expert witness as provided by Fed. R. Civ. P. 26.

18       11.  Information designated as "CONFIDENTIAL" or "HIGHLY
19 CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be made public.  To
20 the extent that it is necessary to file Information designated as "CONFIDENTIAL"
21 or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in connection
22 with proceedings in this action, the party wishing to file any such Information,
23 prior to or simultaneously with filing, shall on each occasion move, pursuant to
24 Local Rule 7-11, for leave to file the Information under seal.
25 A party that seeks to file any material under seal must comply with Civil Local Rule 79-5.

BERRY & PERKINS
A PROFESSIONAL CORPORATION

- 8 -

**STIPULATED PROTECTIVE ORDER - C 05-4625 JW HRL**
AS AMENDED BY THE COURT

12. Notwithstanding the foregoing, when a party wishes to include in a legal paper a writing containing Information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", but the confidential information contained in such writing is not relevant to the purpose for which the writing is being offered to the Court, the party including such writing in a legal paper may, in lieu of the procedures set forth above, submit a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "REDACTED - CONFIDENTIAL INFORMATION" in the place(s) on the writing where the confidential information would have appeared.

13. The recipient of Information identified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall maintain such Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination (including dissemination to persons identified in paragraph 6) of such Information.

14. Nothing contained in this Protective Order shall affect the right, if any, of any party or non-party to make any type of objection, claim, or other response to interrogatories, to requests for production of documents or to any questions at a deposition. Nor shall this Protective Order be construed as a waiver by any party or non-party of any legally cognizable privilege to withhold any material from discovery, or of any right which any party or non-party may have to assert such privilege at any stage of the proceedings. Nothing in this Protective Order shall require disclosure of Information if such disclosure would breach an express or implied agreement with a third party to maintain such Information in confidence.

1   This provision does nor preclude a party from moving for an order from the Court
2   directing the disclosure of such Information.

3       15.  Inadvertent production, filing, or disclosure of documents or
4   information in this action shall not in itself be deemed to waive any claim of
5   attorney-client privilege or attorney work-product protection that might exist with
6   respect to such documents or information, or other documents or communications,
7   written or oral, including without limitation, other communications referred to in
8   the documents or information produced.  Nothing in this paragraph shall prejudice
9   the right of any party to seek discovery of communications, documents and things
10  as to which a claim of privilege has been made.

11      16.  Within thirty (30) days after the conclusion of the above-entitled action,
12  including, without limitation, any appeal or retrial (or in the event that another
13  action is then pending involving plaintiff and defendant, thirty (30) days after the
14  conclusion of that action), all Information designated "CONFIDENTIAL" or
15  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be returned to
16  counsel who produced it, or may be destroyed, in which case the party destroying
17  it shall certify that it has been destroyed.  As to that Information that contains or
18  reflects information designated "CONFIDENTIAL" or "HIGHLY
19  CONFIDENTIAL-ATTORNEYS' EYES ONLY", but which constitutes or
20  reflects counsel's work product, all such work product may be maintained by
21  counsel, but such work product shall be used only for the purpose of preserving a
22  file on this action and shall not, without written permission of the party that
23  disclosed the information or an order of the Court, be disclosed to anyone other
24  than those to whom such Information was actually disclosed in accordance with
25  this Protective Order during the course of this action.  Counsel retaining court
26  reporters shall have the responsibility for ensuring their compliance with this
27  paragraph and shall notify opposing counsel when compliance is complete.
28

Nothing in this Protective Order shall require the return or destruction of pleadings or other papers filed with the Court or served by the parties, even if those pleadings or papers contain or reflect confidential information; any such pleadings or papers not returned or destroyed remain subject to the provisions of this Order.

17. Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Protective Order by (a) designating that Information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and (b) signing a copy of this Order.  Any non-party who invokes the protection of this Protective Order shall also be bound by its obligations.

18. All Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be used only for purposes of this action and not for any other action or any business or other purpose whatsoever.

19. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case and, in the course of this case, relying in a general way upon his examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information produced or exchanged in this case; provided that counsel shall not convey the substance of any Information to the client unless the client is a person authorized to receive the Information by paragraph 6 and shall not convey any Information that is "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to the client.

20. This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained in this Order after notice to the other party.

**STIPULATED PROTECTIVE ORDER - C 05-4625 JW HRL**
AS AMENDED BY THE COURT

21.   The parties shall submit this Protective Order to the Court to be "so ordered" and shall be bound by its terms prior to being "so ordered" by the Court. This Protective Order shall remain in effect unless modified by an order of the Court or by written stipulation of the parties filed with the Court.

The parties consent to the continuing jurisdiction of the Court with respect to this Protective Order and any breach of the Order, even after the termination of this action. The court shall retain jurisdiction to enforce the terms of this order for six months after the final termination of this action.

| Dated: June 2, 2006 | Dated: June 2, 2006 |
|---|---|
| PLAINTIFF HAMBRECHT WINE GROUP, L.P. d/b/a BELVEDERE WINERY, L.P. By its Attorneys, | DEFENDANT MILLENNIUM IMPORT, LLC By its Attorneys, |
| /s/ *Erik Paul Belt*<br>Appearing *Pro Hac Vice,*<br>Erik Paul Belt<br>Peter J. Karol<br>Rebecca L. Hanovice<br>BROMBERT & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110<br>Tel: (617) 443-9292<br>Fax: (617) 443-0004<br>E-mail: ebelt@bromsun.com | /s/ *James H. Berry, Jr.*<br>James H. Berry, Jr. (State Bar # 075834)<br>Kevin R. Lussier (State Bar # 143821)<br>BERRY & PERKINS<br>A Professional Corporation<br>2049 Century Park East, Suite 950<br>Los Angeles, California 980067-3134<br>Tel: (310) 557-8989<br>Fax: (310) 788-0080<br>E-mail: jberry@berryperkins.com<br>E-mail: klussier@berryperkins.com |
| Co-Counsel<br>Howard A. Slavitt (State Bar # 172840)<br>Rachel G. Cohen (State Bar # 218929)<br>COBLENTZ, PATCH, DUFFY & BASS, LLP<br>One Ferry Building, Suite 200<br>San Francisco, CA  94111-4213<br>Telephone:     (415) 391-4800<br>Facsimile:       (415) 989-1663<br>E-mail: rcohen@coblentzlaw.com | Appearing *Pro Hac Vice,*<br>Peter D. Raymond<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, NY 10022-7650<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>email: raymond@reedsmith.com |

IT IS SO ORDERED.

Dated: 7/19/06

_____
United States Magistrate Judge

BERRY & PERKINS
A PROFESSIONAL CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

BERRY & PERKINS
A PROFESSIONAL CORPORATION

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMBRECHT WINE GROUP, L.P. d/b/a BELVEDERE WINERY, L.P.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MILLENNIUM IMPORT LLC,<br><br>　　　　Defendant. | Case No. C 05-4625 JW HRL<br><br>**UNDERTAKING CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER** |

UNDERTAKING OF _____

　　I, _____, state that:

　　1.　My address is _____.

　　2.　My present employer is _____.

　　3.　My present occupation or job description is _____.

　　4.　I have received a copy of the Protective Order in this case signed by District Judge _____ on _____.

　　5.　I have carefully read and understand the provisions of the Protective Order.

　　6.　I will comply with all of the provisions of the Protective Order.

　　7.　I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived

**STIPULATED PROTECTIVE ORDER - C 05-4625 JW HRL**
AS AMENDED BY THE COURT

therefrom, including words, substance summaries, abstracts or indices of Confidential Information disclosed to me.

    8.    I shall return all materials containing Confidential Information and summaries, abstracts, and indices, and copies, which come into my possession, and documents or things which I have prepared relating to Confidential information, to counsel for the party by whom I am employed, retained, or otherwise designated as a Qualified Person pursuant to the Protective Order.

    9.    I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

Dated:_____     _____
                                                                                                                     Signature

BERRY & PERKINS
A PROFESSIONAL CORPORATION

**STIPULATED PROTECTIVE ORDER - C 05-4625 JW HRL**
AS AMENDED BY THE COURT