*E-filed 11/14/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

No. C 05-04625 JW (HRL)

HAMBRECHT WINE GROUP, L.P. d/b/a
BELVEDERE WINERY, L.P.,

    Plaintiff,

  v.

MILLENNIUM IMPORT LLC,

    Defendant.

MILLENNIUM IMPORT LLC,

    Counterclaimant,

  v.

HAMBRECHT WINE GROUP, L.P. d/b/a
BELVEDERE WINERY, L.P.

    Counterdefendant

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff trademark owner sues defendant licensee for, *inter alia*, breach of contract and trademark infringement. Defendant counterclaims for breach of contract. Plaintiff uses the mark "Belvedere" in connection with its wine sales. In 1996, the parties entered into a Trademark License Agreement ("TLA") and a Marketing Rights Agreement ("MRA"), under which defendant was permitted to use the Belvedere mark for vodka products. In 2004 and

2005, a dispute arose between the parties when plaintiff sought to license the Belvedere mark to a third party gin producer.  The TLA and MRA have provisions that the licensee shall not challenge the licensor's ownership of and rights to the Belvedere mark.  Plaintiff alleges that a letter written by defendant in April 2004 challenged plaintiff's rights to license the mark to the gin distributor (on the theory that plaintiff or its gin licensee might be liable under state law for trying to pass the product off as related to Belvedere vodka) thus breaching the contractual provisions.  Because of this alleged breach, plaintiff purported to terminate the license in November 2005, and now claims that all uses of the mark by defendant after that date were infringing.  Around the same time that this dispute was occurring, defendant was being indirectly acquired by French corporation LVMH Moët Hennessy Louis Vuitton S.A. ("LVMH").

Plaintiff now moves to compel defendant to produce: (1) documents related to defendant's dealings with LVMH; (2) documents in the possession of LVMH; and (3) information about defendant's profits and costs associated with its Belvedere vodka sales.

**A.      Documents Relating to the LVMH Transactions**

Plaintiff seeks all documents relating to defendant's dealings with LVMH, including LVMH's investments in defendant.  Defendant objects on grounds of relevance and burden.  Plaintiff has two specific theories of relevance: (1) in connection with these transactions, defendant made representations to LVMH regarding its alleged rights to the Belvedere mark, and (2) these documents are likely to reveal the monetary value of defendant, which plaintiff contends is highly probative of the value of the Belvedere mark.  The court agrees that these two theories of relevance justify some discovery into documents exchanged between defendant and LVMH, but nothing close to the amount sought by plaintiff's broad motion.

Defendant is correct that there is no claim in this action based directly on any purported representations by defendant to LVMH.  However, that argument reveals an overly narrow approach to discovery.  Any representations made to LVMH by defendant relating to its alleged rights to the Belvedere mark might be admissible as party admissions, or may reveal defendant's motives in ways that are at least reasonably calculated to lead to the discovery of admissible

2

information. The court ORDERS the production of any documents exchanged between defendant and LVMH which suggest, refer to, state, indicate, or discuss defendant's rights to the Belvedere mark.

As for the economic terms of the acquisition revealing the value of defendant thus the value of the mark, this discovery may be relevant to damages or defendant's state of mind. Defendant argues that the value of defendant has little to do with the value of the mark. This argument, however, goes to the strength of the evidence, rather than its relevance. Therefore, the court ORDERS defendant to produce documents exchanged between it and LVMH sufficient to show the value of the Belvedere mark.

Defendant's burden objections should be met by this narrowing.

### B.     LVMH's Documents

Plaintiff seeks the production of all documents responsive to its First Request for Production of Documents that are within the possession, custody, or control of LVMH. Plaintiff argues that there is a "close connection" between defendant and LVMH, and alleges that LVMH executives and lawyers have played an important role in the events leading to this litigation. These connections supposedly show the relevance of LVMH's documents and the ease with which defendant could access them.

The dispositive issue here is defendant's control over materials possessed by LVMH. "Control is defined as the legal right to obtain documents upon demand." In re Citric Acid Litigation, 191 F.3d 1090, 1107 (9th Cir. 1999), quoting United States v. International Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.1989). When a court is confronted with separate legal entities, "proof of theoretical control is insufficient; a showing of actual control is required." Id. The "access" alleged by plaintiff is not the same as the "possession, custody, or control" required by the Federal Rules of Civil Procedure. Also, plaintiff fails to distinguish between a parent's control over a subsidiary, and a subsidiary's control over its parent. Thus, although plaintiff might be able to argue successfully that after the acquisition LVMH had control over Millennium's documents, plaintiff certainly has shown no legal right

3

1 possessed by Millennium to exert any control over LVMH's documents.  This part of the motion
2 is DENIED without prejudice.

3 **C.     Financial Records**

4 Plaintiff seeks a summary of defendant's profits dating back to 2001.[1]  Defendant
5 appears to concede the discoverability of information about profits made after plaintiff's
6 purported termination of the license in November 2005.

7 The dispute boils down, then, to profits from the period between January 2001 and
8 November 2005.  Defendant's profits may be relevant to the value of the mark.  See 1 J. Thomas
9 McCarthy, McCarthy on Trademarks and Unfair Competition § 2:23 (4th ed. 2006)
10 (accountants sometimes use profit information to calculate the good will value of a trademark).
11 The value of the mark may in turn be relevant to damages or to defendant's motivation and state
12 of mind.  See, e.g., Howard Johnson Co. Inc. v. Khimani, 892 F.2d 1512, 1520 (11th Cir. 1990)
13 (citing cases where good will value of mark was relevant to defendant's motive and plaintiff's
14 injury); Boston Professional Hockey Ass'n, Inc. v. Dallas Cap & Emblem Manufacturing, Inc.,
15 597 F.2d 71, 77 (5th Cir. 1979) (wilfulness of defendant's conduct as factor in calculating
16 damages).  The court ORDERS defendant to produce summary data sufficient to show its
17 profits associated with the sale of Belvedere vodka, dating back to the beginning of 2001.

18 All production pursuant to this order shall take place by **November 22, 2006**.

20 IT IS SO ORDERED.

22 Dated:  11/14/06                                              /s/  Howard R. Lloyd
                                                                HOWARD R. LLOYD
23                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] In its motion, plaintiff also purported to seek "cost" information, but stated at oral argument that it was only interested in "profit" information.  The portion of plaintiff's motion seeking cost information is DENIED.  Similarly, plaintiff's motion sought profit information dating back to 1996, but at oral argument plaintiff stated that its expert would only need documentation dating back to "2000 or 2001."  The court therefore considers whether to grant the motion to compel as to profit information for January 2001 - November 2005.

4

THIS SHALL CERTIFY THAT NOTICE WILL BE SENT TO:

Erik Paul Belt ebelt@bromsun.com, idiaz@bromsun.com

James H. Berry , Jr jberry@berryperkins.com, ddiederich@berryperkins.com

Rebecca Lea Hanovice rhanovice@bromsun.com, cpoole@bromsun.com

Peter Jeffrey Karol pkarol@bromsun.com, ecoombs@bromsun.com

Kevin Richard Lussier klussier@berryperkins.com,

Howard A. Slavitt EfilingHAS@cpdb.com, pxm@cpdb.com

Kerry L. Timbers ktimbers@bromsun.com, idiaz@bromsun.com

Clinton Lynn Todd ctodd@coblentzlaw.com, pxd@cpdb.com


\* Counsel are responsible for providing copies of this order to co-counsel.

Date:   11/14/06                                     /s/  JMM
                                           Chambers of Magistrate Judge Howard R. Lloyd